**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLAYTON GUNN, JR.,

Plaintiff-Appellant,

v.

COUNTY OF BUTTE, et al.,

Defendants-Appellees.

No. 22-15008

D.C. No. 2:19-cv-01729-KJM-DMC

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted January 18, 2023**

Before:     GRABER, PAEZ, and NGUYEN, Circuit Judges.

Clayton Gunn, Jr. appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging various federal and state law

claims arising out of, among other things, an arrest, pretrial detention, and

prosecution.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

  *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed Gunn's federal claims because Gunn failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Sandoval v. County of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021) (elements of a Fourteenth Amendment claim for failure to provide adequate medical care); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073–76 (9th Cir. 2016) (en banc) (requirements to establish municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)); *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (en banc) (elements of a malicious prosecution claim under § 1983, including a lack of probable cause); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (a claim for violation of the Equal Protection Clause requires plaintiff to show intentional discrimination based upon his membership in a protected class); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (a § 1983 claim for false arrest and imprisonment requires plaintiff to show a lack of probable cause).

The district court properly dismissed Gunn's state law claims because Gunn failed to comply with California's Government Claims Act ("GCA") and failed to

allege facts sufficient to state a plausible claim. *See* Cal. Gov't Code §§ 905, 911.2, 945.4; *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (failure to allege compliance with the GCA subjects a state law claim against public defendants to dismissal); *Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (elements of an intentional infliction of emotional distress claim under California law); *Hawran v. Hixon*, 147 Cal. Rptr. 3d 88, 106 (Cal. Ct. App. 2012) (elements of defamation and false light claims under California law).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**